PER CURIAM.
 

 T.L., a minor, appeals the extension of time granted to complete his assessment and stabilization under the Hal S. March-man Alcohol and Other Drug Services Act, section 397.301, Florida Statutes (2009), and other issues related to the hearing where the extension was granted. We dismiss T.L.’s appeal, as the issues raised are moot and/or were not preserved for appellate review.
 

 The appellant concedes that the points raised on appeal are moot, but opposes dismissal arguing that the issues are likely to recur yet evade appellate review. We agree that the issues are capable of repetition, but decline to address the merits as we conclude that the appellant has failed to demonstrate that the issues raised, if repeated, are likely to evade appellate review.
 
 See N.W. v. State,
 
 767 So.2d 446, 447 (Fla.2000) (declining to dismiss as moot where the controversy raised in the case, which was on review before the court upon a certified conflict, was capable of repetition, yet evading review);
 
 L.W.T. v.
 
 A.W., 770 So.2d 241 (Fla. 1st DCA 2000) (dismissing appeal as moot where appellant failed to describe with specificity the questions of great public importance or how the particular facts of the case were likely to recur and yet evade appellate review). The appellant did not address or explain why appellate review by habeas corpus, mandamus, or certiorari would not be available if the issues raised and properly preserved were to re-occur. Accordingly, we dismiss the appeal as moot. Additionally, although we are dismissing the appeal as moot, we note that several issues raised on appeal were not preserved for appellate review.
 

 Appeal dismissed as moot.